| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | **Hearing Date: May 1, 2008** |
| EASTERN DISTRICT OF NEW YORK | **Hearing Time: 10:00 a.m.** |

------------------------------------------------------------x

In re:                                                          Chapter 11

LBC BUILDING CORP.,                              Case No.  08-41946 (DEM)

                                    Debtor.

------------------------------------------------------------x

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION, FOR AN ORDER, <u>INTER ALIA</u>, APPROVING BIDDING PROCEDURES <u>RELATING TO THE SALE OF REAL PROPERTY</u>**

TO:   THE HONORABLE DENNIS E. MILTON,
         UNITED STATES BANKRUPTCY JUDGE

**PRELIMINARY STATEMENT**

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this objection to the motion (the "Motion") of the above-captioned debtor (the "Debtor") for the entry of an order, <u>inter</u> <u>alia</u>, approving the bidding procedures for the sale of the real property owned by the Debtor.  As discussed below the Motion: (i) fails to give adequate time or means for the marketing of the property, (ii) is silent as to the method of valuation for the properties; (iii) fails to provide potential bidders with the terms of a contract of sale, (iv) improperly authorizes payments to real estate brokers in the absence of retention applications by any real estate brokers, and (v) does not contain a proposed notice of auction or notice of sale.  In support of her objection, the United States Trustee sets forth as follows:

**STATEMENT OF FACTS**

1. On April 1, 2008, LBC Building Corp., Inc. (the "Debtor") filed a voluntary Chapter 11 petition. The Debtor continues to operate its business as a debtor-in-possession.

2. The United States Trustee has been unable to appoint an unsecured creditors' committee.

3. According to Schedule A of the Petition, the Debtor owns two properties: one located at 1987 Pamela Court, Toms River, New Jersey (the "1987 Property") and one located at 1999 Pamela Court, Toms River, New Jersey (the "1999 Property") (collectively referred to as the "Properties"). According to Schedule A, the 1987 Property has a current market value of $400,000 and the 1999 property has a value of $400,000.[1] According to Schedule D, Amboy National Bank has a secured claim on both properties, and the total amount of the secured claim is $715,000. See ECF Doc. No. 15.

4. According to Schedule E of the Petition, there are no priority claims. Although various taxing authorities and governmental agencies were listed on Schedule E, they appear to have been listed to noticing purposes only. See ECF Doc. No. 15. On Schedule F of the Petition, the Debtor listed unsecured nonpriority claims in the aggregate sum of $495,171.92. Of this sum, the largest claim listed belonged to Ana M. Lopa. The claim was listed as deriving from a loan to the Debtor. See ECF Doc. No. 15. Ms. Lopa is listed on Schedule H as being a co-guarantor on the secured debt to Amboy National Bank and on the Statement of Financial Affairs as the Debtor's president. See ECF Doc. Nos. 15 and 16.

---

[1] Note that according to Exhibit A annexed to the Debtor's 1007-3 Affidavit, the 1999 Property had a value of $405,000. See ECF Doc. No. 5.

5.     On April 18, 2008, the Debtor filed the Motion which seeks the entry of an order approving (i) auction procedures in connection with the sale of the 1987 Property and the 1999 Property, free and clear of liens and other interests, (ii) the time, date and place of the auctions and the sale hearing and (iii) the forms of notice of the auctions and the sale hearings.[2]

## OBJECTION

The United States Trustee objects to the Motion because the auction procedure is not targeted to maximize the value of the Properties.  In determining whether to approve the sale, the Court must determine whether the sale is in the best interest of the estate.  See In re Planned Systems, Inc., 82 B.R. 919, 923 (Bankr. S.D. Ohio 1988).  The Court must "find from the evidence presented before him at the hearing a good business reason to grant such an application." In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).  In every sale of property of the estate, it is important that the process undertaken to accomplish the sale is reasonably calculated to maximize the value of the estate's interest in the asset being sold.

A sale of the Properties may be in the best interest of the estate since it will allow creditors to be paid, and move the case towards its conclusion.  Assuming that the current market value of the Properties as provided in Schedule A are correct, it appears that there may be equity in each of the Properties and should they be sold for at or close to the values that the Debtor has asserted they are worth there will be assets available for favorable distributions to creditors.  However, as discussed below, the sale process as currently proposed by the Debtor is flawed and not designed to maximize the value of the Properties.

---

[2] The Motion also seeks the entry of an order, pursuant to 11 U.S.C. §363, approving the sale of the Properties.  This objection is limited solely to the Debtor's proposed Bidding Procedures.  The United States Trustee reserves her right to object to the proposed sale.

**There is No Evidence that the Properties Have Been Sufficiently Marketed**

The Debtor proposes conducting an auction sale of the Properties on May 19, 2008. Before creditors can determine if an auction sale is in the best interests of the estate, additional information should be provided by the Debtor. Specifically, the Motion does not indicate whether the Debtor is conducting any advertising of the auction. The Motion also fails to address to what extent the Properties have been marketed prior to the filing of the Motion. Without appropriate advertising and publication of the Notice of Sale, particularly in view of the current housing market, it does not appear that an auction of these Properties will yield the best auction prices.

Although the Motion provides that the Debtor intends to retain a broker to sell the Properties, to date, the Debtor has failed to file an application for authority to retain a real estate broker under section 327(a). See Motion, ¶16. As a result, it is unclear whether and to what extent the Properties have been marketed to potential purchasers. The failure to file a retention to retain a real estate broker is troubling in view of the fact that the Debtor seeks an auction of these properties on May 19, 2008, a date less than a month away. It is understandable that non-Debtor co-guarantors of the debt owed to Amboy National Bank want the Debtor to pay off that debt as soon as possible, yet this is not a reason for conducting an auction without appropriate marketing and safeguards. Moreover, the Motion does not address why the auction must be conducted in such a short time frame.

**There is No Evidence as to the Values of the Properties**

The Debtor proposes to set the minimum bid for each property at $390,000.00. However, there is no evidence as to the values of the Properties. The Debtor should provide an appraisal or other document to establish how it calculated the minimum bid for each Property.

**The Debtor Should be Required to Provide a Form Contract of Sale**

The bidding procedures provide that the winning bidder will be required to enter into a purchase agreement. See Motion, at 7. However, the Debtor has failed to provide a form purchase agreement to its motion. Potential bidders should not be required to submit a bid, without having the benefit of the terms of the proposed contract of sale that they will be required to sign. Furthermore, the Court and other parties should have an opportunity to review the form purchase agreement.

**The Order Should Not Provide for Payment to Broker**

The proposed order approving the bidding procedures authorizes a 2% payment to a real estate broker who produces a winning bidder. Order, at 6. This language is improper and should be stricken. As stated above, to date, a real estate broker has not been retained, and the terms of any retention has not been approved. Therefore, the Debtor cannot be authorized at this stage to pay a brokerage fee to any real estate broker. Such approval is more appropriately placed in a motion approving a sale or approving retention of a broker.

**There is No Proposed Notice of Sale**

Although the Motion contemplates approval of a proposed notice of auction and notice of sale, the exhibit attached to the Motion as Exhibit B, is duplicative of the Debtor's notice of

motion. Accordingly, the United States Trustee is unable to comment on whether the notice of sale satisfies the requirements of Bankruptcy Rule 2002(c)(1).

In conclusion, although it may be that an auction of the Properties is appropriate and should ultimately be approved by the Court, based on the aforementioned reasons, the Motion should not be approved in its present form.

## CONCLUSION

The United States Trustee respectfully requests that the Court sustain the objections contained herein, and grant such other and further relief as it may deem just and proper.

Dated: New York, New York
April 28, 2008

                                      Respectfully submitted,

                                      DIANA G. ADAMS
                                      UNITED STATES TRUSTEE

                        By:    *s/ William E. Curtin*
                                William E. Curtin (WC-1974)
                                Trial Attorney
                                271 Cadman Plaza East, Room 4529
                                Brooklyn, New York 11201
                                Tel. No. (718) 422-4960
                                Fax. No. (718) 422-4990