HEARING DATE: FEBRUARY 17, 2009
HEARING TIME: 10:00 A.M.

I.D. # 13-2911171

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
**Attorneys for LBC BUILDING CORP., INC.**
Debtor and Debtor-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Barton Nachamie (BN-6732)
Jill L. Makower (JM-4842)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LBC BUILDING CORP., INC.

                  Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Chapter 11
Case No.: 08-41946(DEM)

**DEBTOR'S (A) OBJECTION TO SECURED CLAIM OF JOSEPH J. UNDROSKY AND VICTORIA P. UNDROSKY (CLAIM NO. 1) AND (B) REQUEST FOR AVOIDANCE OF ALLEGED JUDGMENT LIEN OF JOSEPH J. UNDROSKY AND VICTORIA P. UNDROSKY**

TO:    THE HONORABLE DENNIS E. MILTON
         UNITED STATES BANKRUPTCY JUDGE

      LBC Building Corp., Inc., the above-captioned Chapter 11 debtor and debtor-in-possession (the "Debtor"), by its attorneys, Todtman, Nachamie, Spizz & Johns, P.C., respectfully submits this (A) objection to the secured claim filed against the Debtor by Joseph J. Undrosky and Victoria P. Undrosky (the "Undroskys") docketed as Claim No. 1 (the "Undrosky Claim"), seeking to reclassify the Undrosky Claim as a general unsecured claim pursuant to section 502 of title 11, United States Code (the "Bankruptcy Code") and

243513 v1

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and (B) request for avoidance of the alleged judgment lien held by the Undroskys (hereinafter, the "Objection"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Bankruptcy Code section 502 and Bankruptcy Rule 3007.

## FACTUAL BACKGROUND

**A.    General**

3. The Debtor filed a voluntary chapter 11 petition with the Clerk of the Court on April 1, 2008 the ("Filing Date").

4. The Debtor is a New Jersey corporation which, prior to the Filing Date, was engaged in the construction industry as a builder of houses. The Debtor was formed in 2003 for the purpose of purchasing six lots on property in Toms River, New Jersey, building houses on them and then selling them. Prior to the Filing Date, the Debtor sold four of the lots.

5. As of the Filing Date, the Debtor's significant assets were the remaining two lots, consisting of (i) the Debtor's real property consisting of the land and the substantially completed single family home known as 1987 Pamela Court, Toms River, New Jersey 08755 (the "1987 Property") and (ii) the Debtor's real property consisting of the land and the substantially completed single family home known as 1999 Pamela

Court, Toms River, New Jersey 08755 (the "1999 Property" and, together with the 1987 Property, the "Properties").

6.  No committee of creditors has been appointed in the Debtor's Chapter 11 case.

**B.  The Undrosky Judgment and the Undrosky Claim**

7.  Prior to the Filing Date, the Undroskys entered into a contract with the Debtor to purchase the 1987 Property from the Debtor. The Debtor did not consummate the sale.

8.  In 2007, the Undroskys commenced an action against the Debtor in the Superior Court of New Jersey, Chancery Division, entitled <u>Undrosky v. LBC Building Corp.,</u> Docket No.: OCN-C-68-07 (the "State Court Action") for return of their deposit and other damages, and asserted an equitable lien on the 1987 Property.

9.  On April 1, 2008, the same day that this Chapter 11 case was filed, a judgment in the amount of $76,891.17 (the "Judgment") was granted against the Debtor and in favor of the Undroskys in the State Court Action.

10.  The judgment search obtained by the Debtor (the "Judgment Search") indicates that the Judgment was entered on April 8, 2008, after the Filing Date of this Chapter 11 case. (A copy of the Judgment Search was previously filed with the Court and is also annexed hereto as **Exhibit "A"**.) (See Judgment Search, p.12.)

11.  The Undroskys timely filed the Undrosky Claim in the Debtor's case, asserting a secured claim based on the Judgment. (A copy of the Undrosky Claim, with the Judgment attached, is annexed hereto **Exhibit "B"**.)

**C.     The Debtor's Sale of The 1987 Property and the 1999 Property**

12.     On April 18, 2008, the Debtor filed a motion (the "Sale Motion") seeking, *inter alia*, establishment of bidding procedures and authorization to sell the Properties at auction, free and clear of all liens, claims and encumbrances, pursuant to Section 363(b) and (f) of the Bankruptcy Code.

13.     On May 22, 2008, the Court entered an Amended Order (the "Auction Procedures Order") which approved certain auction procedures, authorized the Debtor to sell the Properties in accordance with the approved Auction Procedures, scheduled the Auctions, and scheduled a hearing for June 12, 2008 (the "Sale Hearing") to approve any sales made at the Auctions. The Auction Procedures Order further provided as follows:

> **ORDERED**, that to the extent that Joseph and Victoria Undrosky hold an Allowed Secured Claim, if any, on 1987 Pamela Court, the lien of such claim shall be transferred to the remaining proceeds of the sale of both Properties after Amboy is paid its asserted Allowed Secured Claim, provided, however, their claim as to 1999 Pamela Court proceeds shall be subordinate to the allowed Administrative Claims of the Broker and Debtor's attorneys, both as fixed by final order of this Court on proper applications and fees due to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6) and in all events subordinate to the asserted Allowed Secured Claim of Amboy Bank…

Auction Procedures Order, p. 7.

14.     The Debtor held the Auctions of the Properties on May 28, 2008. Amboy National Bank ("Amboy"), the Debtor's secured lender, was the successful bidder for the 1999 Property with a credit bid of $390,000. There were no bids for the 1987 Property.

15.     The 1999 Property was conveyed to Amboy with the Court's approval, pursuant to Amboy's $390,000 credit bid. Thus, there were no proceeds remaining from the sale of the 1999 Property.

16. On September 11, 2008, the Debtor entered into an agreement (the "Purchase Agreement") to sell the 1987 Property to County Line Construction Inc. ("County Line") subject to this Court's approval, for a sale price of $355,000.00.

17. On October 3, 2008, the Court entered an order (the "Sale Order") approving the Debtor's sale of the 1987 Property to County Line pursuant to the Purchase Agreement. Paragraph 3 of the Sale Order provides:

> "3. In the event that the Closing shall take place on or before October 10, 2008, the proceeds of the Sale shall be distributed first, to pay all real property tax liens properly filed against the 1987 Property and second, to pay $325,000 to Amboy in full satisfaction of Amboy's claims against the Debtor and the 1987 Property. The remaining proceeds shall be held by Debtor's counsel in escrow pending further order of the Bankruptcy Court, including orders which may be entered with respect to the existence, validity, priority, or extent of liens or other interests in the Debtor's property."

18. The closing on the sale of the 1987 Property took place on October 7, 2008. Accordingly, the proceeds of the sale of the 1987 Property were distributed in accordance with Paragraph 3 of the Sale Order. Pursuant to the Sale Order, Amboy's lien was satisfied,[1] and any remaining valid liens and claims attach to the remaining proceeds of the sale. The Debtor's counsel is now holding a little over $20,000 from the sale of the 1987 Property. (The Debtor has also requested turnover of approximately $5,200.00 from the Township of Toms River, New Jersey which is being held in a developers escrow at Commerce Bank.) The Debtor has no other significant assets.

---

[1] Amboy held a lien on the 1987 Property which had priority over all other liens on the 1987 Property other than properly filed real estate tax liens.

243513 v1

5

19.     By order dated October 29, 2008, the Court set December 17, 2008 as the bar date for filing prepetition claims and administrative claims. As stated above, the Undroskys timely filed the Undrosky Claim.

## REQUEST FOR RELIEF

20.     By this Objection, the Debtor seeks to reclassify the Undrosky Claim as a general unsecured claim pursuant to Bankruptcy Code section 502 and Bankruptcy Rule 3007.

21.     As stated above, the Undrosky Judgment was signed on the Filing Date of the Debtor's Chapter 11 case (i.e. April 1, 2008). In New Jersey, "[t]o establish a lien against a judgment debtor's real property, a creditor need only enter a judgment in the records of the Superior Court; a levy and execution on real property owned by the judgment debtor are not required." Sklar v. Cont'l Cas. Co. ( *In re Mariano),* 339 B.R. 344, 347 (Bankr.D.N.J.2006) (quoting *New Brunswick Sav. Bank v. Markowski,* 123 N.J. 402, 411 (1991) (citing *In re Blease,* 605 F.2d 97, 98 (3d Cir.1979)). Accord In re Martini, 2006 WL 2471617 at *2, 7 (Bankr. D.N.J. 2006) ("Mr. Halpert recorded his judgment lien against the Debtor's real property by docketing it in the Superior Court... At that time Mr. Halpert established his lien against the Property under New Jersey law.").

22.     The Undrosky Judgment was not entered until April 8, 2008, as indicated in the Judgment Search. (See Judgment Search, p.12.)   Even assuming, arguendo, that the Judgment was signed prior to the filing of the Debtor's Chapter 11 petition (and not in violation of the automatic stay of section 362 of the Bankruptcy Code) and even assuming that the entry of the Judgment on April 8, 2008 did not violate the automatic

stay[2], the Undrosky Claim should be reclassified as a general unsecured claim, because, as demonstrated below, any lien that the Undroskys may have obtained on the 1987 Property (or the 1999 Property) would be voidable by the Debtor pursuant to Bankruptcy Code §544(a) and also, pursuant to Bankruptcy Code §547(b).

**<u>Any Lien Obtained By The Undroskys Is Voidable Under 11 U.S.C. §544(a)</u>**

23. Section 544(a) of the Bankruptcy Code provides:

§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (1)  a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2)  a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3)  a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

---

[2] See Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522 (2d Cir. 1994) ("While the commencement or continuation of a judicial action or proceeding clearly is subject to the automatic stay of section 362, we do not believe that the simple and "ministerial" act of the entry of a judgment by the court clerk constitutes the continuation of a judicial proceeding under section 362(a)(1).").

11 U.S.C. §544(a).

24. "Under 11 U.S.C. § 544(a)(1), a debtor in possession (vested with the powers of a trustee by 11 U.S.C. § 1107(a)) has the so-called 'strong arm power' to cut off unperfected security interests". In re R.F. Cunningham & Co., Inc., 355 B.R. 408, 417 (Bankr.E.D.N.Y. 2006). Accord In re Kopel, 232 B.R. 57, 69-70 (Bankr. E.D.N.Y. 1999)("Pursuant to sections 544 and 1107 of the Bankruptcy Code, a debtor in possession may avoid a transfer of property that could have been avoided by a hypothetical creditor obtaining a judicial lien at the commencement of the case. 11 U.S.C. § 544(a)(1)."); In re Mariano, 339 B.R. 344, 347 (Bankr. D.N.J. 2006); Martini, 2006 WL 2471617 at *5 (Bankr. D.N.J. 2006).

25. The Undroskys did not levy on any property of the Debtor in accordance with New Jersey law prior to the Filing Date.[3] (Nor could they, since the Judgment wasn't entered until after the Filing Date.). It is clear, therefore, that if the Undroskys had a lien on the 1987 Property or the 1999 Property, the Debtor could avoid that lien pursuant to Bankruptcy Code section 544(a). See Mariano, 339 B.R. at 347; Martini, 2006 WL 2471617 at *5, 7. In Martini, the New Jersey Bankruptcy Court stated:

> Under New Jersey law, "it is clear [that] a creditor holding an unexecuted levy occupies a lower priority than a creditor who has already executed upon his lien, even if said execution remains unsatisfied." In re Feldman, 54 B.R. at 659, 660 (Bankr.D.N.J.1985) (citing Burg v. Edmondson, 111 N.J.Super. 82, 85 (1970); In re Fornabai, 227 F.Supp. 928, 930 (D.N.J.

---

[3] "N.J.S.A. 2A:17-1, clearly and unequivocally expresses the legislative mandate that before the real property of a debtor may be seized and sold, the sheriff shall first levy upon the debtor's goods and chattels located within the county to satisfy the judgment and costs." Mariano, 339 B.R. at 348 (quoting Raniere v. I & M Investments, Inc., 159 N.J.Super. 329, 335 (Ch. Div.1978), aff'd, 172 N.J.Super. 206 (App.Div.), cert. denied, 84 N.J. 473 (1980)); see also Kellman v. Palese ( In re Italiano), 66 B.R. 468, 478 (Bankr.D.N.J.1986) ("N.J.S.A. 2A:17-1 clearly requires that a good faith effort be made by a judgment creditor to levy on personal property before a levy is made on real estate.").

1964)). Under 11 U.S.C. §544, "as of the date of filing of the debtor's [ ... ] petition the trustee holds the status ... of a hypothetical judicial lien creditor who has levied upon the debtor's property." *In re Mariano,* 339 B.R. at 347 (quoting *In re Italiano,* 66 B .R. at 478)."As such, the trustee's lien could only be defeated by a judgment creditor holding a valid lien who had properly levied." Id. Mr. Halpert by his counsel's admission at oral argument on May, 24, 2006, and by this Court's findings herein, is not such a judgment creditor. *Oral argument,* 5/24/06, supra.

      Specifically, Section 544(a) of the Bankruptcy Code provides that "a trustee shall have, as of the commencement of a case, the same avoiding power as does a creditor possessing an unsatisfied execution against the debtor, regardless of whether such a creditor actually exists."

Martini, 2006 WL 2471617 at *5.

### Any Lien Held By The Undroskys Is Voidable As A Preference Pursuant to 11 U.S.C. §547

26.    If the Undroskys had obtained a judgment lien on the 1987 Property or the 1999 Property, the lien would be voidable as a preference pursuant to §547(b) of the Bankruptcy Code.  Bankruptcy Code §547(b) provides:

> (b)    Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
>
>     (1)    to or for the benefit of a creditor;
>
>     (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>     (3)    made while the debtor was insolvent;
>
>     (4)    made--
>
>         (A)    on or within 90 days before the date of the filing of the petition; or
>
>         (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

      (5)    that enables such creditor to receive more than such creditor would receive if--

          (A)    the case were a case under chapter 7 of this title;

          (B) the transfer had not been made; and

          (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

27.  The docketing of a judgment within the ninety (90) day period before the filing of bankruptcy case constitutes a transfer for purposes of Bankruptcy Code section 547(b). See 11 U.S.C. § 101(54)(A)(providing that transfer means "the creation of a lien"); In re Walker, 389 B.R. 746, 748 (Bkrtcy.D.Colo. 2008)("According to the Bankruptcy Code, the creation of the Judgment Lien by recording of the transcript of judgment now held by Defendant was a transfer of an interest of the Debtor in property. § 101( 54)( A)."). In addition, it cannot be disputed that all of the elements of section 547(b) would be satisfied.

28.  Based on the above, the Undrosky Claim should be reclassified as a general unsecured claim, because any lien that the Undroskys may have obtained on the 1987 Property (or the 1999 Property) would be voidable by the Debtor pursuant to Bankruptcy Code sections 544(a) and 547(b).

## **NOTICE**

29. A party seeking a court determination as to the validity of a lien must ordinarily commence an adversary proceeding, see Fed.R.Bankr.P. 7001(2). "Where a party has proceeded by motion and the record has been adequately developed, however, courts have reached the merits of the dispute despite the procedural irregularity." In re Braniff Intern. Airlines, Inc., 164 B.R. 820 (Bkrtcy.E.D.N.Y.,1994), citing In re Jablonski, 70 B.R. 381, 385 (Bankr.E.D.Pa.1987), *aff'd in part and remanded in part,* 88 B.R. 652 (E.D.Pa.1988); In re Command Serv. Corp., 102 B.R. 905, 908 (Bankr.N.D.N.Y.1989). The Debtor submits that the record has been adequately developed and the relief requested herein may appropriately be granted in the context of this Objection. Moreover, there are insufficient funds in the estate to fund an adversary proceeding.

30. Pursuant to Bankruptcy Rule 3007, a copy of this Objection, with exhibits, is being served upon (i) the Undroskys at the address provided in the Undroskys' proof of claim, and (ii) the Office of the United States Trustee for the Eastern District of New York. The Debtor submits that no other or further notice need be provided.

31. This Objection is made without prejudice to the rights of the Debtor to make future objections to the Undrosky Claim objected to herein and to other claims. No previous motion for the relief sought herein has been made to this or any other court.

## SATISFACTION OF MEMORANDUM REQUIREMENT

32. This Objection does not raise any novel issues of law not addressed herein. Accordingly, the Debtor respectfully requests that the Court deem the requirement of Rule 9013-1(b) of the Local Bankruptcy Rules for the Eastern District of New York, that a separate memorandum of law be submitted in support of this Objection, to have been satisfied.

**WHEREFORE**, the Debtor respectfully requests entry of an order (i) reclassifying the Undrosky Claim as a general unsecured claim, (ii) avoiding the Undroskys' alleged lien, and (iii) granting the Debtor such other or further relief as is just.

Dated: New York, New York
       January 8, 2009

                    TODTMAN, NACHAMIE SPIZZ & JOHNS, P.C.
                    Attorneys for LBC Building Corp., Inc.,
                    Debtor and debtor-in-possession

                    By:   s/ Jill L. Makower
                           Jill L Makower (JM-4842)
                           425 Park Avenue
                           New York, New York 10022
                           (212) 754-9400