UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re: Case No.: 1-08-41946-dem

LBC BUILDING CORP., INC., Chapter 11

Debtor.
-----------------------------------------------------x

**DECISION ON OBJECTION TO CLAIM NO. 5
OF HOWELL MATERIALS, INC.**

Appearances:

Barton Nachamie, Esq.
Jill L. Makower, Esq.
Todtman, Nachamie, Spizz & Johns. P.C.
Attorneys for Debtor
425 Park Avenue
New York, New York 10022

Kathleen P. Wall, Esq.
Attorney for Howell Materials, Inc.
2640 Highway 70
Manasquan, New Jersey 08736

DENNIS E. MILTON
United States Bankruptcy Judge

**INTRODUCTION**

The matter is before the Court on the motion of the debtor seeking an Order pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure reclassifying the secured claim against the debtor of Howell Materials, Inc. ("Howell") and avoiding the judgment lien of Howell. As set forth more fully below, the Court grants the motion.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b) and 157(b)(2)(c) and the Eastern District of New York standing order of reference dated August 28, 1986. This Memorandum Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## FACTUAL BACKGROUND

On April 1, 2008, LBC Building Corp. (the "debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since filing, the debtor has continued to operate its business as a debtor-in-possession. The Court has not ordered the appointment of a trustee.

At the time of filing the petition, the debtor owned two properties in New Jersey located at the following addresses:

(1). 1987 Pamela Court, Toms River, New Jersey (the "1987 Property"); and:

(2). 1999 Pamela Court, Toms River, New Jersey (the "1999 Property").

By Order dated July 3, 2008, the Court approved the sale of the 1999 Property to Amboy National Bank for a credit bid of $390,000.00 (the "1999 Sale Order"). By Order dated October 3, 2008, the Court approved the sale of the 1987 Property to County Line Construction Inc. for $355,000.00 (the "1987 Sale Order").

The debtor is administratively insolvent, with the debtor's estate consisting of sales proceeds in the approximate amount of $20,200.00.

## DISCUSSION

### The Howell Claim Should Be Reclassified Pursuant to Code Section 502. The Howell Judgment Lien Should be Avoided Pursuant to Section 544(a) of the Bankruptcy Code.

On September 11, 2008, the debtor entered into an agreement to sell the 1987 Property to County Line Construction, Inc. ("County Line") for a sale price of $255,000.00. In connection with this transaction, Mid-State Abstract Company (the "Title Company") provided the debtor with a judgment search. This judgment search indicated that the only judgments docketed against the debtor were those of Amboy National Bank and Joseph J. and Victoria P. Undrosky.

On September 23, 2008, the Title Company informed the debtor that the Ocean County Sheriff's Department had posted a notice on the 1987 Property, which notice purported to be a lien in favor of Howell. On October 2, 2008, counsel for the debtor advised this Court that in 2007 Howell had obtained a pre-petition judgment against the debtor in the amount of $18,442.80, but that the judgment did not appear on the judgment search. On October 3, 2008, the Court entered an Order approving the debtor's sale of the 1987 Property. Pursuant to the provisions of the 1987 Sale Order, the judgment of Amboy National Bank was satisfied with the payment of $325,000.00, and the remaining proceeds held by debtor's counsel in escrow pending further order of this Court. Anticipated further orders "includ[ed]] orders which may be entered with respect to the existence, validity, priority or extent of liens or other interests in the Debtor's property." It is undisputed that the sale proceeds total approximately $20,200.00.

By Order dated October 29, 2008, this Court set December 17, 2008 as the bar

date for filing pre-petition claims and administrative claims.  The debtor failed to serve Howell with a Bar Date Notice but following correspondence with counsel, Howell filed a Proof of Claim (Claim No. 5) on January 14, 2009.

By Notice of Objection dated January 8, 2009, counsel for the debtor moved for an Order pursuant to Section 502 of the Bankruptcy Code reclassifying the secured claim and for an Order avoiding the judgment lien of the Howell Judgment.  On February 9, 2009, counsel for Howell filed a Certification in Opposition to the debtor's Objection (the "Wall Certification").  On February 17, 2009, the Court conducted a hearing on the debtor's Objection and took the matter under advisement.

The debtor seeks an Order reclassifying the Howell Claim from a secured claim to a general unsecured claim.  The Howell judgment, filed in December 2007, is a pre-petition claim.  In addition, counsel for Howell has submitted documentation which reflects an attempted levy in August and September 2008.  Wall Certification, Exhibits B and C .  However, since Howell had not obtained relief from the automatic stay, it would appear that the attempted levies were undertaken in violation of the automatic stay and thus are voidable.  Under New Jersey law, this failure to levy renders the claim unsecured and enables the debtor to avoid the lien under Section 544(a) of the Bankruptcy Code.  See In re Mariano, 339 B.R. 344, 347 (Bankr. D.N.J. 2006); In re Martini, 2006WL 2471617 at *5, 7 (Bankr. D.N.J. 2006).

For the above reasons, the application of the debtor for an order reclassifying the

Howell claim as an unsecured claim and avoiding the Howell claim is granted.

Dated: Brooklyn, New York
      July 30, 2009

                                      S/Dennis E. Milton
                                      DENNIS E. MILTON
                                      United States Bankruptcy Judge


Case 1-08-41946-dem    Doc 112    Filed 07/30/09    Entered 07/31/09 13:52:30