UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                    Case No.: 1-08-41946-dem

LBC BUILDING CORP., INC.,                                 Chapter 11

                              Debtor.
--------------------------------------------------------x

### DECISION AND ORDER ON OBJECTION TO CLAIM
### NO. 1 OF JOSEPH  J. AND VICTORIA P. UNDROSKY

Appearances:

Barton Nachamie, Esq.
Jill L. Makower, Esq.
Todtman, Nachamie, Spizz & Johns. P.C.
Attorneys for Debtor
425 Park Avenue
New York, New York 10022

Victoria P. Undrosky
Joseph J. Undrosky
Claimants
1813 Charton Circle
Toms River, New Jersey 08755


                    DENNIS E. MILTON
                 United States Bankruptcy Judge

                        **INTRODUCTION**

        The matter is before the Court on the motion of the debtor seeking an Order

pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of

Bankruptcy Procedure reclassifying the secured claim against the debtor of Joseph J. Undrosky

and Victoria P. Undrosky (the "Undroskys") and avoiding the judgment lien of  the Undroskys.

As set forth more fully below, the Court grants the motion in all respects.

        Also before the Court is the application of GHS Metro NY, LLC d/b/a Gloria

Nilson GMAC Real Estate for an award of commissions.  For the reasons set forth below, the

Court defers consideration of this application until the hearing on the final fee applications in

this case.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b)

and 157(b)(2)(c) and the Eastern District of New York standing order of reference dated August

28, 1986.  This Memorandum Decision and Order constitutes the Court's findings of fact and

conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## FACTUAL BACKGROUND

On April 1, 2008, LBC Building Corp. (the "debtor") filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code.     Since filing, the debtor has continued to

operate its business as a debtor-in-possession.  The Court has not ordered the appointment of a

trustee.

At the time of filing the petition, the debtor owned two properties in New Jersey

located at the following addresses:

(1).  1987 Pamela Court, Toms River, New Jersey (the "1987 Property"); and:

(2).  1999 Pamela Court, Toms River, New Jersey (the "1999 Property").

By Order dated July 3, 2008, the Court approved the sale of the 1999 Property to Amboy

National Bank for a credit bid of $390,000.00  (the "1999 Sale Order").  By Order dated October

3, 2008, the Court approved the sale of the 1987 Property to County Line Construction Inc. for

$355,000.00  (the "1987 Sale Order").

The debtor is administratively insolvent, with the debtor's estate consisting of

sales proceeds in the approximate amount of $20,200.00.

## DISCUSSION

### The Undrosky Claim Should Be Reclassified Pursuant to Section 502 0f the Bankruptcy Code. The Undrosky Judgment Lien Should be Avoided Pursuant to Section Section 544(a) of the Bankruptcy Code.

Pursuant to the 1987 Sale Order, the 1987 Property was transferred to County Line Construction Inc. free and clear of all liens, claims, encumbrances and other interests, including any liens which may have been held by the Undroskys, with such interests attaching solely to the sale proceeds to the same extent, validity and priority that they attached to the 1987 Property immediately prior to the closing. It is undisputed that the sale proceeds total approximately $20,200.00.

On or about May 5, 2008, the Undroskys timely filed a Proof of Claim in this matter. They asserted that their deposit of funds for the construction of a home constituted the basis for a secured claim, that they had received a judgment filed on April 1, 2008, that they recorded the judgment as a lien on April 8, 2008 in the Superior Court of New Jersey, Chancery Division in the amount of $76,891.17 against the debtor (the "Undrosky Lien"). By Notice of Motion dated January 6, 2009, counsel for the debtor moved for an Order pursuant to Code Section 502 reclassifying the secured claim and for an Order avoiding the Undrosky lien. On February 4, 2009, the Undroskys filed a Response to the debtor's Objection to claim and avoidance of judgment. On February 17, 2009, the Court conducted a hearing on the debtor's Objection and took the matter under advisement.

On March 13, 2009, counsel for the debtor filed a Reply to the opposition papers of the Undroskys. Neither the federal rules nor the Court provided counsel to file this

unauthorized submission.  The Court has not considered the Reply in reaching the determination

of this motion.[1]

In the motion, the debtor first sought an Order reclassifying the Undrosky Claim

from a secured claim to a general unsecured claim.  The debtor argued that the claim should be

unsecured for several reasons.  First, the Undroskys have failed to establish that their judgment,

filed on the same day as the debtor's petition in bankruptcy, was filed earlier in time than the

petition.  Thus, the Undroskys had no lien against the debtor.  Second, the debtor maintained that

even if the Undroskys had established that the filing of the Undrosky Lien predated the filing of

the petition, it was impossible for them to levy upon the Property prior to the debtor's filing of

the petition.  Therefore, under New Jersey law, this failure to levy would enable the debtor to

avoid the lien under Section 544(a) of the Bankruptcy Code.  See In re Mariano, 339 B.R. 344,

347 (Bankr. D.N.J. 2006); in re Martini, 2006WL 2471617 at *5, 7 (Bankr. D/N.J. 2006).

Finally, the debtor argued that any lien which the Undroskys may have obtained

on the 1987 Property was voidable under Section 547(b) of the Bankruptcy Code.  Under Section

547(b), the docketing of a judgment within the ninety day period before the filing of a

bankruptcy case constitutes a transfer for purposes of this section of the Bankruptcy Code.  See

11 U.S.C. § 547(b)(4); In re Walker, 389 B.R. 746, 748 (Bankr. D. Colo. 2008).

In their letter submission to the Court, the Undroskys seem to appreciate that due

to no fault of their own, under the Bankruptcy Code their claim will lose its secured status.  For

the reasons set forth above, the Court, while sympathetic to their plight of the Undroskys, shall

---

[1] The debtor's Reply was submitted in response to a statement which Victoria Undrosky made at the hearing.  The reply was an inartful, almost shameful, and gratuitous attempt to depict the Undroskys as having engaged in inequitable conduct with regard to the sale of the 1987 Property and therefore cast them in an unfavorable light before the Court.

grant the debtor's application.

### The Application of the Real Estate Broker for
### Allowance of Compensation Is Premature

Also before the Court is the application of GHS Metro NY, LLC d/b/a Gloria

Nilson GMAC Real Estate (the "broker") for an award of compensation.  The broker is seeking

$15,250.00 in compensation. The Office of the United States Trustee has filed an Objection to an

award of this compensation at this time.   The United States Trustee argued that the Court should

exercise its discretion and deny the application until the debtor is able to establish there are

sufficient funds in the estate to pay all administrative claims in full or until professionals have

filed their final fee applications.  Since at present, there is only slightly more than $20,000.00 in

the estate, the Court shall adopt the recommendation of the Office of the United States Trustee.

The application of the broker for an allowance of compensation is denied, without prejudice,

until professionals have filed their final fee applications. [2]

IT IS SO ORDERED.

Dated: Brooklyn, New York
         July 30, 2009

S/Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

---

[2]  The Court also denies, without prejudice, the request of the broker for a determination that, under New Jersey law, the broker is entitled to an equitable lien awarded against the proceeds of sale.